# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **YURISBEY DIAZ,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**KRISTI NOEM, IN THEIR OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, IN THEIR OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; TODD LYONS, IN THEIR OFFICIAL CAPACITY AS ACTING DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT; MARY DE ANDA-YBARRA, IN THEIR OFFICIAL CAPACITY AS FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND WARDEN OF THE EL PASO EAST MONTANA FACILITY,**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-00225-LS** |

**<u>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

This is one of more than 700 habeas corpus petitions filed in this Court in which a petitioner seeks release from immigration custody. In this case, Petitioner challenges detention for more than six months following a final order of removal. The petition is **DENIED**.

**Background**[1]

Petitioner is a citizen and national of Cuba with a lengthy criminal record who was ordered removed by an Immigration Judge.[2] Petitioner was released multiple times from immigration custody, but ICE re-detained Petitioner each time he was arrested for criminal conduct.[3] ICE then continually re-released Petitioner "because it determined that repatriation to Cuba was not feasible at the time of each encounter."[4] Petitioner concedes that Cuba "has not accepted him in the last twenty-three years, and definitely not in the last seven months,"[5] and concedes that "Respondents have not been able to secure any travel documents for the Petitioner from Cuba,"[6] so the United States government seeks to remove Petitioner to an alternate third country.

On December 1, 2025, the government offered Petitioner removal to Mexico but he refused to sign and comply.[7] On June 2, 2026, the Board of Immigration Appeals (BIA) affirmed an immigration judge's order denying Petitioner's motion to reopen his removal proceedings.[8] Thereafter, on July 28, 2026, Petitioner refused to sign a Notice of Removal to Mexico and refused to participate in an informal interview, all in connection with the government's efforts to remove Petitioner.[9] Petitioner also refused to comply with the government's efforts to remove him to Mexico by not getting dressed and refusing to get on the bus.[10] Petitioner has remained in administrative custody for over six months and now seeks a writ of habeas corpus, arguing that

---

[1] The parties have not informed the Court that Petitioner has been removed or otherwise released. If either occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested "can no longer be effected").
[2] ECF No. 9-1 at 3.
[3] ECF No. 5-1 at 2.
[4] *Id.*
[5] ECF No. 6 at 1-2
[6] *Id.* at 2.
[7] ECF No. 3-1 at 3.
[8] ECF No. 9-1 at 3.
[9] *Id.*
[10] *Id.* at 4.

continued detention violates the statutory and constitutional boundaries established in *Zadvydas v. Davis*.[11]

**The Law**

Under 28 U.S.C. § 2241, federal courts have jurisdiction over statutory and constitutional challenges to post-removal-order detention.[12] In *Zadvydas*, the Supreme Court held that post-removal-period detention under 8 U.S.C. § 1231(a)(6) is implicitly limited to a period "reasonably necessary to secure removal."[13] The Court established a six-month presumptive boundary, after which a detainee may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[14] If the detainee makes that showing, the burden shifts to the government to produce evidence sufficient to rebut it.[15]

**Analysis**

The *Zadvydas* framework cannot be invoked by a petitioner whose own conduct causes the delay in removal. As an initial matter, neither petitioner in the *Zadvydas* case impeded or sought to impede their respective removals from the United States. Zadvydas was born in Germany to Lithuanian parents, but both Germany and Lithuania refused to accept Zadvydas because he was not a citizen of either country.[16] The Court notes with interest that Zadvydas himself actually applied, and reapplied, for Lithuanian citizenship in an ostensible effort to effect his own removal.[17] The other petitioner in the *Zadvydas* case, Kim Ho Ha, could not be returned to his native Cambodia because the United States had no repatriation treaty with Cambodia in 1999.[18]

[11] 533 U.S. 678 (2001).
[12] *Id.* at 688 (2001).
[13] *Id.* at 699.
[14] *Id.* at 701.
[15] *Id.*
[16] *Id.* at 684.
[17] *Id.*
[18] *Id.* at 686.

Moreover, Congress anticipated and addressed the scenario in which an alien detainee resists removal following the entry of a final removal order. Normally, "when an alien is ordered removed, [the government] shall remove the alien from the United States within a period of 90 days (. . . the 'removal period')."[19] But this statutory removal period is explicitly extended, and detention is authorized to continue, if the alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."[20]

The record in this case establishes that Petitioner refuses to cooperate and actively resists removal. Because Petitioner has "act[ed] to prevent . . . removal" within the meaning of §1231(a)(1)(C), the statutory removal period is suspended by operation of law. Accordingly, Petitioner cannot satisfy the threshold burden under *Zadvydas* to demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future."[21] A detainee who actively obstructs the execution of a final removal order cannot claim the benefit of the *Zadvydas* presumption, because that presumption addresses governmental inability to effectuate removal—not a detainee's self-imposed impediment to it.

**Conclusion**

Petitioner's continued detention does not contravene the statutory or constitutional limitations recognized in *Zadvydas v. Davis*. Petitioner is not in custody in violation of the laws or Constitution of the United States. Accordingly, Petitioner has failed to state a cognizable claim for relief under 28 U.S.C. § 2241.

---

[19] 8 U.S.C. § 1231(a)(1)(A).
[20] *Id.* § 1231(a)(1)(C).
[21] *Zadvydas v. Davis*, 533 U.S. at 701.

The petition for a writ of habeas corpus [ECF No. 1] is **DENIED**. Any and all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THE CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 11, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**